### RAILWAY COMPANY *v.* SLACK.

*Improvement Company v. Slack (supra, p. 648) reaffirmed.*

ERROR to the Circuit Court of the United States for the District of Massachusetts.

The facts are stated in the opinion of the court.

*Mr. Francis W. Palfrey* for the plaintiff in error.
*The Solicitor-General, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Statutory authority was given to the Eastern Kentucky Railway Company to purchase, acquire, and hold any line of railway,

finished or unfinished, lying on or near their line or crossing the same or between the termini of their railway, and to make payment for such purchase or acquisition on such terms as should be agreed between the parties. Pursuant to that authority, it purchased all the property of the Kentucky Improvement Company, real, personal, and mixed, including their franchise, subject, however, to the mortgage previously made by the grantors of their lands and improvements to secure a certain issue of bonds, amounting to $500,000, as therein more fully set forth. Due conveyance of the same was made to it by deed dated Feb. 28, 1870, as appears by the agreed statement of facts.

Coupons were attached to the bonds, and it appears that an internal-revenue tax of two and a half per cent was assessed thereon by the official assessor. Payment of the tax, after an unsuccessful appeal to the Commissioner, was made by the railway company. The present suit was instituted to recover back the amount paid, with interest, as having been illegally exacted. Service was made; and the parties appeared, and, having consented to the agreed statement of facts exhibited in the record, submitted the cause to the court without a jury. Hearing was had; and the court rendered judgment in favor of the defendant, and the plaintiff removed the cause into this court.

Two errors are assigned: 1. That the court erred in finding that the grantors of the plaintiffs were a railroad company, and liable to the tax assessed upon the coupons attached to their bonds. 2. That the court erred in finding that the plaintiffs were liable for the tax assessed.

Railroad companies were by law made subject to an internal-revenue tax for the year 1871 of two and a half per cent on the amount of all interest or coupons paid on bonds or other evidences of debt issued and payable in one or more years after date. 16 Stat. 260.

Such taxes for the year specified in the act cited were assessed against the plaintiffs; and the present suit was instituted to recover back the amount paid with lawful interest.

It appears by the act of incorporation that the plaintiffs were created a body politic and corporate for the purpose of constructing a railroad with a single or double track, with all the

privileges and rights usual to such corporations. Power to make the purchase of the line of railroad constructed by the Improvement Company, as described in the opinion just read, is admitted. Nor is it necessary to enter into any explanation as to the circumstances under which the bonds of the Improvement Company were issued, as it is admitted in the agreed statement of facts filed in this case that those circumstances are fully shown in the agreed statements of facts filed in that case.

Viewed in the light of these suggestions, it is quite clear that any discussion of the question presented in the first assignment of errors is unnecessary, except to refer to the decision in *Improvement Company* v. *Slack* (*supra*, p. 648), and the reasons there given for the conclusion that the company in that case was a railroad company.

Suppose that is so, then it is conceded by the plaintiffs in this case that they cannot sustain their second assignment of errors, which is all that need be said upon the subject.

*Judgment affirmed.*